IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-34164-H4-13 |
| DELORES KAREN JOHNSON, | § | CHAPTER 13 |
| DEBTOR | § | |

CORRECTED
MOTION TO VACATE ORDER (DOC. #75)

**LOCAL BANKRUPTCY RULE 9013(B) NOTICE**
**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THIS NOTICE IS CORRECTED TO REFLECT THE 21-DAY RESPONSE DEADLINE.**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now DELORES KAREN JOHNSON, Debtor in the above-styled and –numbered case, and files this Corrected Motion to Vacate the Order entered July 29, 2013, at Doc. #75, authorizing the Chapter 13 Trustee to deposit funds into the Registry of the Court, as follows:

1. This Motion is brought under the authority of Bankruptcy Rule 9024, FRCP Rule 60(b).

2. Debtor listed in Schedule D-Creditors Holding Secured Claims (filed May 20, 2010) creditor AFFORDABLE CARS & TRUCKS as holding a debt of $7,977.73 remaining for the purchase of one (1) 2003 Dodge Ram Truck valued at $3,025.00 (Doc. #1 - Schedule D, page 15 of 49). The secured value of $3,025.00 was scheduled for payment through the Chapter 13 Trustee.

3. Debtor made regular payments to the Chapter 13 Trustee for the benefit of the creditors, including AFFORDABLE CARS & TRUCKS, during the course of the Plan. However, AFFORDABLE CARS & TRUCKS did not file a Proof of Claim or otherwise contact the Chapter 13 Trustee or Debtor's counsel. All other creditors received payment as provided in the confirmed Chapter 13 Plan. As a result, at the end of the Plan term, the Trustee held $3,468.52 in unclaimed funds designated for AFFORDABLE CARS & TRUCKS.

4. Having no claim for AFFORDABLE CARS & TRUCKS, the Chapter 13 Trustee filed a Motion to Deposit Funds Into the Court Registry Pursuant to 11 U.S.C. §347(a) (Doc. #71) and provided a copy to AFFORDABLE CARS & TRUCKS at its last known address. Pursuant thereto, an Order (Doc. #75) authorizing the Trustee to deposit the unclaimed funds into the Registry of the Court was entered.

5. In July and August 2013, after counsel entered this case, Debtor's counsel contacted Creditor by telephone to request that a Proof of Claim be filed. Despite Creditor's assurance, no claim was ever filed.

6. Since that time, in spite of the Trustee's service of Creditor and repeated efforts by Debtor's counsel to contact AFFORDABLE CARS & TRUCKS, Creditor has not responded and no claim has been filed.

7.	On August 19, 2013, Debtor's counsel made a last attempt to contact AFFORDABLE CARS & TRUCKS, sending a letter by regular First Class and by Certified Mail, Return Receipt Requested, to its last known address at 17000 N. Dallas Parkway, Suite 104, Dallas, TX 75246, advising Creditor regarding the funds on hold, the Order to Deposit Funds, and Debtor's intention to request modification of the Plan to abandon interest in the vehicle unless a claim is filed and Creditor accepts payment of the withheld funds from the Trustee and is able to convey title to the Debtor.  A true and correct copy of the letter of August 19, 2013, is attached hereto as Exhibit "A".

8.	On September 3, 2013, the certified letter was delivered to AFFORDABLE CARS & TRUCKS at a forwarded address, 35788 Hwy 41, Coarsegold, CA 93614, as evidenced by the Domestic Return Receipt delivered to Debtor's counsel on September 6, 2013, a copy of which is attached hereto as Exhibit "B" with a copy of the USPS online Track & Confirm record. An online search by Debtor's counsel reveals that the delivery address in California is that of an office building unsuitable for a car dealership.  As of the date of this filing, no response has been received from Creditor.  Neither the Court, the Trustee, the Debtor, nor Debtor's Counsel received any change of address notice from AFFORDABLE CARS & TRUCKS.

9.	AFFORDABLE CARS & TRUCKS is the only creditor remaining unpaid. The Trustee's final distribution was made more than sixty (60) days prior to his Motion to Deposit Funds (Doc. #71) filed July 26, 2013. Unable to pay the value of the collateral and secure title, and unable to complete the Plan, Debtor now wishes to abandon interest in the vehicle securing the debt. To this end, Debtor requests the Court to vacate its Order (Doc. #75) authorizing the Trustee to deposit funds into the Registry of the Court for potential payment to AFFORDABLE CARS & TRUCKS, so that Debtor may file a Motion to Modify the Chapter 13 Plan to abandon

interest in the collateral and eliminate the debt to AFFORDABLE CARS & TRUCKS, and provide for payment of attorney's fees to Debtor's counsel.

10. AFFORDABLE CARS & TRUCKS is the only creditor affected by granting the relief requested herein, and has been given ample notice of the need to pursue its claim, if any. The confirmed Plan scheduled 100% payment of unsecured claims, and all creditors other than AFFORDABLE CARS & TRUCKS have received payment in full under the terms of the Plan. Creditor's interest would be protected hereafter by the abandoned collateral; thus, granting the requested relief would not adversely affect the interest of any party, and would serve the best interest of the Debtor, who has otherwise completed the confirmed Chapter 13 Plan in good faith.

WHEREFORE, Debtor prays the Court grant this Motion in all things, vacate the Order (Doc. #75) for deposit of funds into the Registry of the Court and return such funds to the Chapter 13 Trustee, grant reasonable attorney's fees to Debtor's counsel and authorize the Trustee to pay same, and grant such other and further relief as may be just and equitable.

Respectfully submitted,

 /s/ John V. Burger
JOHN V. BURGER
Attorney for Debtor
State Bar No. 03378650
S. Dist. TX 13176
4151 SW Freeway, Suite 770
Houston, TX  77027
713-960-9696  Telephone
713-961-4403  Facsimile
bankruptcy@burgerlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties listed below by first class United States Mail and/or such other method indicated, on this _____ day of September, 2013.

        /s/ John V. Burger
        John V. Burger

| | |
|---|---|
| Affordable Cars & Trucks<br>17000 N. Dallas Parkway, Suite 104<br>Dallas, TX  75248 | First Class Mail |
| Affordable Cars & Trucks<br>35788 Hwy 41<br>Coarsegold, CA  93614 | First Class & Certified Mail, RRR |
| David G. Peake<br>Chapter 13 Trustee | ECF |
| United States Trustee | ECF |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-34164-H4-13 |
| DELORES KAREN JOHNSON, | § | CHAPTER 13 |
| DEBTOR | § | |

### ORDER GRANTING CORRECTED MOTION TO VACATE ORDER (DOC. #75)

ON THIS DAY came before the Court the Debtor's Corrected Motion to Vacate Order (Doc. #75), requesting the Court to vacate its Order authorizing the Chapter 13 Trustee to Deposit Funds Into the Registry of the Court, to allow the Chapter 13 Trustee to withdraw such funds, and to authorize payment of Debtor's additional legal expense. The Court having considered same, it is

ORDERED that the Court's Order (Doc. #75) is vacated in all things, and the Trustee is authorized to cancel any disbursement of these funds being deposited into the Registry of the Court thereunder.

IT IS HEREBY FURTHER ORDERED that the Clerk of the United States Bankruptcy Court shall be authorized to release all funds paid into the registry of the Court regarding the Court's Order (Doc, #75) back to David Peake, Chapter 13 Trustee. Any check disburse by the Clerk shall be payable to David Peake Trustee and mailed to David Peake, Chapter 13 Trustee, 96660 Hillcroft #430 , Houston, TX 77096.

SIGNED _____, 2013.

_____
HON. JEFF BOHM
UNITED STATES BANKRUPTCY COURT

BANKRUPTCY PRO/JOHNSON, DELORES KAREN/Motion to Vacate Order (Doc. #75).docx